# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL HEAD,
                Appellant,
         vs.
JANINNA GOODWIN,
                Respondent.

No. 78296

FILED

JUN 1 8 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
      DEPUTY CLERK

## ORDER DISMISSING APPEAL

This is a pro se appeal from a district court order establishing custody of a minor child. Second Judicial District Court, Washoe County; William A. Maddox, Judge.

On March 12, 2019, the clerk of this court issued a notice directing appellant to file and serve the child custody fast track statement by April 22, 2019.[1] The notice stated that failure to file the document by the deadline could result in the dismissal of this appeal. Appellant failed to file the fast track statement or otherwise communicate with this court. Accordingly, on May 9, 2019, this court entered an order directing appellant to file and serve the fast track statement by May 23, 2019.[2] The order cautioned that failure to comply or otherwise communicate with this court would result in the dismissal of this appeal as abandoned. To date, appellant has not filed the child custody fast track statement or otherwise

[1]A copy of this notice is attached.

[2]A copy of this order is attached.

19-26272

communicated with this court. It thus appears that appellant has abandoned this appeal, and this court

ORDERS this appeal DISMISSED.


_____Pickering_____, J.
          Pickering


_____Parraguirre_____, J.        _____Cadish_____, J.
          Parraguirre                              Cadish



cc:    Chief Judge, The Second Judicial District Court
       Hon. William A. Maddox, Senior Judge
       Michael Head
       Janinna Goodwin
       Washoe District Court Clerk

# IN THE SUPREME COURT OF THE STATE OF NEVADA
## OFFICE OF THE CLERK

MICHAEL HEAD,
Appellant,
vs.
JANINNA GOODWIN,
Respondent.

**Supreme Court No. 78296**
District Court Case No. FV1801299

## INSTRUCTIONS/NOTICE REGARDING DEADLINES - FAST TRACK CHILD CUSTODY

TO: Michael Head
    Janinna Goodwin

### PLEASE CAREFULLY REVIEW THE INFORMATION BELOW REGARDING REQUIREMENTS FOR THIS APPEAL.

## Definitions/Terms

"NRAP" stands for Nevada Rules of Appellate Procedure, which govern procedure in the Nevada Supreme Court and Nevada Court of Appeals.

"Pro se" refers to a party acting on his or her own behalf without the assistance of an attorney.

"In forma pauperis" refers to a party who has been determined by a court to be indigent and not required to pay filing fees. Only a court can grant a party in forma pauperis status. Please see NRAP 24 for more information.

Copies of all documents sent to the court for filing must also be served on all other parties in the appeal. Such service should be made at the same time the document is sent for filing, and may be accomplished by mailing a copy of the document to the other party (if the other party has an attorney, the document should be mailed to the attorney). Please see NRAP 25(b) and NRAP 25(c). The rules do not require that copies served on other parties be file-stamped by the court.

## Required Documents/Deadlines

### 1. Transcript Request Form

Within 14 days, appellant(s) must file in this court either (1) a transcript request form requesting transcripts of all district court proceedings that are necessary for the court's review on appeal; or (2) a certificate that no transcripts are being

19-10887

requested. See NRAP 9. The enclosed blank transcript request form may be used.

APPELLANTS WHO HAVE NOT BEEN GRANTED IN FORMA PAUPERIS STATUS must serve a copy of the transcript request form on the court reporter/recorder who reported the proceedings and on all other parties to the appeal and must also pay an appropriate deposit to the court reporter/recorder at the time of service. NRAP 9(b)(1)(B). Upon receiving a transcript, the party who requested it must file a copy of the transcript in this court. NRAP 9(b)(1)(B).

APPELLANTS WHO ARE IN FORMA PAUPERIS should not serve a transcript request form on the court reporter/recorder, but should still file the request in this court; the court will review the request and enter an appropriate order.

## 2. Docketing Statement

Within 21 days, all appellant(s) must file in this court a docketing statement that complies with NRAP 14. The enclosed blank docketing statement may be used.

FOR APPELLANTS WHO ARE IN FORMA PAUPERIS, the requirement that supporting documents be attached to the docketing statement may be waived.

## 3. Child Custody Fast Track Statement

Within 40 days, appellant(s) must file in this court a child custody fast track statement that complies with NRAP 3E. The enclosed blank "Pro Se Child Custody Fast Track Statement" form may be used. Failure to file the child custody fast track statement by the deadline may result in dismissal of the appeal.

## Appendices/record

Pro se parties are not permitted to file an appendix to their fast track statement. NRAP 3E(d)(5). If the court's review of the complete trial court record is necessary, the court will direct the district court to transmit the record. Pro se parties are not required to cite the record in their briefs, but are encouraged to do so if possible. See NRAP 3E(d)(5).

## Fast Track Response

Within 21 days from the date a fast track statement is served, respondent(s) must file a fast track response in this court and serve one copy of the fast track response on the opposing party.

DATE: March 12, 2019

Elizabeth A. Brown, Clerk of Court

19-10887

By: Linda Hamilton
    Deputy Clerk

Notification List
    Paper
    Michael Head
    Janinna Goodwin

# IN THE SUPREME COURT OF THE STATE OF NEVADA

MICHAEL HEAD,
                    Appellant,
            vs.
JANINNA GOODWIN,
                    Respondent.

No. 78296

FILED

MAY 0 9 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER TO FILE FAST TRACK STATEMENT

On March 12, 2019, the clerk of this court issued a notice directing appellant to file and serve a fast track statement by April 22, 2019. The notice cautioned that failure to timely file the fast track statement could result in the dismissal of this appeal. To date, appellant has failed to file the fast track statement or otherwise communicate with this court.

Appellant shall have 14 days from the date of this order to file and serve a fast track statement in compliance with NRAP 3E(d)(1). Failure to timely file a fast track statement or otherwise communicate with this court will result in the dismissal of this appeal as abandoned.

It is so ORDERED.

_____, C.J.

cc:  Michael Head
     Janinna Goodwin

19-20300